UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Theodore Roosevelt

   v.                                              Civil No. 16-cv-452-LM

Janet Smith, et al.

**REPORT AND RECOMMENDATION**

Plaintiff, Theodore Roosevelt, brings this action against Concord Hospital and Janet Smith, PA-C. Concord Hospital has moved to dismiss Roosevelt's federal claim, pursuant to Fed. R. Civ. P. 12(b)(6). See Doc. No. 9. That motion has been referred to the undersigned magistrate judge for a Report and Recommendation. For the following reasons, the district judge should dismiss Roosevelt's federal claim and decline to exercise jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

**Standard of Review**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations . . . set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and quotation marks

omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense."  Id. at 679.  "A document filed pro se is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

## Background

Roosevelt has alleged the following facts: on October 10, 2016, Roosevelt went to the Concord Hospital Emergency Department because he had severe pain in his left knee. Roosevelt asked the nurse for an injection and for pain medication. The nurse gave him an injection, but told Roosevelt that Janet Smith would not provide him with pain medication, and that "the shot would do it." As of the date Roosevelt filed his complaint, he continued to have severe pain in his left knee that kept him up at night.

After preliminary review, pursuant to 28 U.S.C. § 1915(e)(2), the court concluded that Roosevelt had asserted a

claim that Concord Hospital did not stabilize Roosevelt's knee pain on October 10, 2016, in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA), 42 U.S.C. § 1395dd.  See Oct. 31, 2016 Order (Doc. No. 3).  The court further concluded that Roosevelt had asserted state-law medical malpractice claims against both Concord Hospital and Smith.  See id.  The court directed service of the federal claim on Concord Hospital and the state-law claims on both defendants.  Id. at 2-3.  The court reached this conclusion "[w]ithout prejudice to defendants' ability to move to dismiss those claims upon any proper basis . . . ."  Id. at 3.

Concord Hospital filed the instant motion on November 21, 2016. Roosevelt did not file an objection.  On February 14, 2017, the court granted Roosevelt until March 17, 2017, to file an amended complaint to state an EMTALA claim.  The court specifically noted that any such amended complaint:

> must describe the condition of plaintiff's knee when he arrived at Concord Hospital on October 10, 2016, including, for example, the level of pain he felt; what effect, if any, the injection had on this condition and how long that effect lasted; and the condition of his knee, including the level of pain he felt, at the time he left the Emergency Department on October 10, 2016.

Feb. 14, 2017 Order (Doc. No. 29) at 2-3.

Roosevelt filed an amended complaint on March 2, 2017.  See Doc. No. 31.  In the fact section of this complaint, Roosevelt alleges "Same as the last one.  Nothing [has] change[d]."  Id.

3

at 2.  He has not alleged any other facts in his amended complaint.[1]

## Discussion

Concord Hospital argues, among other things, that Roosevelt has not adequately alleged that the injection he received from Concord Hospital on October 10, 2016, failed to stabilize his condition prior to release.  The court agrees.

"EMTALA is designed to prevent hospital emergency rooms from refusing to accept or treat patients with emergency conditions if the patient does not have medical insurance."  Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 51 (1st Cir. 2009) (internal quotation marks omitted) (quoting Correa v. Hosp. San Francisco, 69 F.3d 1184, 1189 (1st Cir. 1995)).  Under EMTALA, covered facilities have a duty to (1) provide an "appropriate medical screening examination" for those who come to the emergency room seeking treatment, and (2) provide, in certain circumstances, "such further medical examination and such treatment as may be required to stabilize

---

[1] In his amended complaint, Roosevelt also renews his accusation of racial bias by this court.  Id. at 3.  The court addressed this accusation when previously raised by Roosevelt in the context of a different motion.  See Feb. 16, 2017 Order (Doc. No. 30) at n. 1.  Now, as then, this allegation is unsupported and unfounded.  Cf. Roosevelt v. Johnstone, No. 17-cv-001-JJM (D.N.H. Jan. 19, 2017) (dismissing similar claim). Thus, I again find no basis to recuse myself from this case. See 28 U.S.C. § 455(a).

the medical condition." 42 U.S.C. § 1395dd(a), (b)(1)(A); see also Alvarez-Torres, 582 F.3d at 51. "EMTALA does not create a federal cause of action for medical malpractice." Cruz-Vazquez v. Mennonite Gen. Hosp. Inc., 717 F.3d 63, 67 (1st Cir. 2013) (citation omitted).

To establish a violation of EMTALA, a plaintiff must show (1) that the hospital is a participating hospital covered by the statute that operates an emergency department; (2) that the plaintiff arrived at the hospital seeking treatment; and (3) that the hospital either (a) did not afford the plaintiff an appropriate screening in order to determine if he had an emergency medical condition ("inadequate screening"), or (b) released or improvidently transferred the patient without first stabilizing an emergency medical condition ("failure to stabilize"). Cruz-Vazquez, 717 F.3d at 69. There is no dispute at present that the first and second of these elements are satisfied in the present case.

Roosevelt's complaint and amended complaint, when construed liberally, fail to state a claim under EMTALA for failure to stabilize. Though Roosevelt has alleged that he was in severe pain when he sought treatment from Concord Hospital, he has not alleged facts to support a reasonable inference that the treatment he received — namely, the injection — failed to adequately stabilize his condition prior to release. As

5

Roosevelt was granted the opportunity to amend his complaint to include these facts, but failed to do so, the court recommends that the district judge dismiss Roosevelt's EMTALA claim against Concord Hospital.

Should the district judge accept this recommendation and dismiss Roosevelt's EMTALA claim, the court further recommends that the district judge decline jurisdiction over Roosevelt's state-law claims against Concord Hospital and Smith pursuant to 28 U.S.C. § 1367(c)(3).  See id.; see also Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (holding that a district court may decline jurisdiction after dismissing all claims over which it has original jurisdiction).

Finally, should the district judge approve this Report and Recommendation, the court recommends that Concord Hospital's supplemental motion to dismiss for failure to state a claim, Doc. No. 33, be denied as moot.[2]

---

[2] Typically, when a party files an amended complaint, any motions to dismiss pending when that amended complaint is filed are automatically denied without prejudice.  LR 15.1(c).  This is not the case here, however, because in the February 14, 2017 Order, the court expressly reserved the right to recommend dismissal under Concord Hospital's original motion to dismiss, stating that if Roosevelt "fail[ed] to file an amended complaint that states an EMTALA claim within the time allowed, then the magistrate judge may recommend [dismissal]."  Id. at 3 (emphasis added).  As discussed above, Roosevelt failed to comply with this requirement.  Thus, the court recommends dismissal pursuant to that original motion.

6

## Conclusion

For the foregoing reasons, the district judge should dismiss Roosevelt's EMTALA claim against Concord Hospital pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and decline jurisdiction over the remaining state-law claims against Concord Hospital and Smith pursuant to 28 U.S.C. § 1367(c)(3). Concord Hospital's supplemental motion to dismiss should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 21, 2017

cc:   Theodore Roosevelt, pro se
      Rose Marie Joly, Esq.
      W. Kirk Abbot, Jr., Esq.
      Jonathan A. Lax, Esq.